# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN S. MAAS,

                Petitioner,

v.

DAISY CHASE,

                Respondent.

Case No. 25-CV-1190-JPS

**ORDER**

     Petitioner Kevin S. Maas ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On August 25, 2025, Petitioner paid the filing fee. This Order screens the petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

**1.    FACTUAL BACKGROUND**

     In April of 2002, Petitioner entered into a multi-jurisdictional plea agreement regarding a charge of safe breaking in Menominee County, Michigan. ECF No. 1-2 at 31.[1] As part of that agreement, Petitioner agreed to cooperate with a joint task force investigating a string of burglaries in multiple counties in Michigan and Wisconsin. *Id.* In exchange (and in addition to promises made by Michigan authorities), the Marinette County District Attorney's Office agreed to recommend probation for any resulting Marinette County charges, with a year of conditional jail time to be served concurrently with the Michigan sentence. *Id.* However, due to the misplacement of Petitioner's file, he was not charged in Marinette County

---

[1] The Court notes that the factual background of Petitioner's case is more complicated than the typical case; the Court provides the facts as recounted by the Wisconsin Court of Appeals' October 22, 2024 opinion.

until March 17, 2005, after Petitioner had already completed his Michigan sentence. *Id.* Petitioner plead no contest to four counts arising from Marinette burglaries. *Id.* As the factual basis for the plea, the court relied almost entirely on admissions from Petitioner to the joint task force. *Id.* Later, the court allowed Petitioner to withdraw his no contest plea because the prosecution's delay had eliminated the bargained-for possibility that he could serve any sentence concurrently with the Michigan sentences. *Id.* at 31–32.

Petitioner's counsel pursued a motion to dismiss or to suppress his statement; however, following a lengthy off-the-record discussion between counsel, the circuit court and Petitioner, Petitioner chose to withdraw his plea. *Id.* at 32–33. The circuit court accepted the withdrawal and reinstated the no contest pleas without a plea colloquy. *Id.* at 33. At sentencing, the circuit court followed the parties' joint recommendation to withhold sentencing and to place Petitioner on probation. *Id.* Petitioner made attempts to contact his counsel following this hearing, but his attorney terminated his representation and did not file a notice to pursue postconviction relief from the judgment of conviction. *Id.*

Petitioner's probation was subsequently revoked due in part to threats made against the district attorney and circuit court judge. *Id.* A new circuit judge and a special prosecutor were assigned; the circuit court imposed consecutive terms of seven and one-half years' initial incarceration followed by three years of extended supervision on each of the four burglary counts. *Id.* at 33–34. On appeal from the revocation sentence, Petitioner's counsel filed a no-merit appeal. *Id.* at 34. Petitioner raised two issues related to the validity of his underlying conviction; the state appellate court declined to address those issues for lack of jurisdiction. *Id.*

Page 2 of 10
Case 2:25-cv-01190-JPS    Filed 10/21/25    Page 2 of 10    Document 5

In May 2021, the Wisconsin Court of Appeals denied Petitioner's *Knight* petition and found that his claim of ineffective assistance of appellate counsel was barred by laches. *Id.* at 35. After obtaining new discovery, Petitioner filed a postconviction motion under Wis. Stat. § 974.06 to argue that: (1) trial counsel was ineffective for failing to consider whether the state had breached the multi-jurisdictional plea agreement before recommending the no-contest plea; (2) trial counsel was ineffective for failing to object to *ex parte* communication; (3) trial counsel was ineffective for failing to pursue the suppression motion; (4) ineffective assistance of postconviction counsel for failure to file a notice of intent to seek postconviction relief; (5) the circuit court erred by failing to conduct an additional plea colloquy; (6) the reinstatement of the original Marinette County plea agreement should not have been allowed; and (7) the circuit court's involvement in the plea negotiation rendered the plea involuntary. *Id.* The circuit court denied the motion without a hearing. *Id.* at 36.

On appeal, Petitioner argued that: (1) his motion should have been heard in another branch; (2) the circuit court erred by deciding his claims had been previously litigated; and (3) the court erred by determining his allegations were insufficient to warrant a hearing. *Id.* The Wisconsin Court of Appeals affirmed the denial of the postconviction motion. *Id.* at 41. The Wisconsin Supreme Court denied a petition for review on April 10, 2025. *Id.* at 46.

Now, Petitioner seeks habeas relief on the following grounds: (1) ineffective assistance of trial counsel for condoning *ex parte* communications to discuss the plea agreement; (2) ineffective assistance of trial counsel for failing to pursue a dismissal motion; (3) ineffective assistance of post-conviction/appellate counsel for abandoning Petitioner

one day after sentencing with no notice; (4) ineffective assistance of appellate counsel for failing to appeal; (5) the trial judge's involvement in the plea agreement made it an unconstitutional and involuntary plea; and (6) the plea was unconstitutional because there was no plea colloquy. ECF No. 1 at 15–17.[2]

**2.    ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**2.1    Timeliness**

First, the Court considers the timeliness of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes

---

[2]The Court notes that Petitioner lists his claims regarding ineffective assistance of counsel as a single ground. ECF No. 1 at 15. Liberally construing the petition, however, the Court will construe it as separate grounds to streamline the issues going forward for proper analysis in regards to exhaustion and procedural default. The Court also notes that it does not include Petitioner's fourth ground that the state courts erroneously decided the affirmative defense of laches. *See id.* at 17. The Court does so because this line of argument relates to the ineffective assistance of appellate counsel claim. *See* ECF No. 1-2 at 4-6 (state appellate court finding that the doctrine of laches barred Petitioner's claim for ineffective assistance of appellate counsel).

a one-year statute of limitations on a petitioner's habeas petition; it requires a petitioner to file his federal habeas petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Court cannot say that the petition is plainly untimely. Petitioner's judgment of conviction was entered in 2005, and he did not directly appeal that conviction. The present petition, filed nearly twenty years later, was clearly filed more than one year after the judgment became

final. However, many of Petitioner's grounds for relief are premised on the ineffectiveness of his counsel and he claims that newly discovered evidence forms the basis of his claim. *See* ECF No. 1 at 3. The Court has doubt as to whether the newly discovered evidence could have been discovered earlier through the exercise of reasonable diligence. However, at the screening stage, the Court does not conclude that the petition is plainly untimely.

### 2.2 Exhaustion

Next, the Court analyzes whether Petitioner fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' October 22, 2024 decision and petition to the Wisconsin Supreme Court, it appears that Petitioner has exhausted the grounds in his petition.

### 2.3 Procedural Default

The Court next determines whether Petitioner has procedurally defaulted on any of his exhausted grounds. Even though a constitutional

claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, Petitioner has likely procedurally defaulted the ineffective assistance of counsel claims and involuntary plea claim as the Wisconsin Court of Appeals found that they were procedurally barred. *See* ECF No. 1-2 at 30-42. However, because it is not plainly apparent on the face of the petition that Petitioner cannot show cause and prejudice to overcome his procedural default, the claims will not be dismissed at this juncture.

### 2.4 Frivolous Claims

The Court concludes its Rule 4 review by screening the amended petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Petitioner's claims, it does not plainly appear that they are frivolous.

### 3. CONCLUSION

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing

Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

   c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

   b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Page 8 of 10
Case 2:25-cv-01190-JPS    Filed 10/21/25    Page 8 of 10    Document 5

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.